UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

COUDERT BROTHERS LLP,

                Debtor.

-------------------------------------------------------X

DEVELOPMENT SPECIALISTS, INC., *in its capacity as Plan Administrator for Coudert Brothers LLP,*

                Plaintiff,

        v.

RUPERT X. LI,

                Defendant.

No. 16-CV-8237 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

In the wake of the dissolution and bankruptcy of an international law firm named Coudert

Brothers LLP ("Coudert") headquartered in New York, Development Specialists, Inc.

("Plaintiff"), in its capacity as the Plan Administrator for Coudert, commenced adversary actions

against several foreign former law partners at Coudert, including Rupert X. Li ("Defendant"), to

enforce certain contractual obligations. (*See* Op. & Order on Proposed Findings of Fact and

Conclusions of Law ("May 2017 Op.") 2 (Dkt. No. 2).) Plaintiff's actions eventually culminated

in a final award issued by an arbitrator determining the amount of damages that Defendant owes

Plaintiff. (*Id.* at 4.) Plaintiff then moved in bankruptcy court to confirm the award. (*Id.* at 5.) In

response to Plaintiff's Motion to Confirm the arbitration award, the Honorable Robert D. Drain

("Judge Drain") issued Proposed Findings of Fact and Conclusions of Law ("Proposed

Findings"), pursuant to the bankruptcy court's authority to hear non-core proceedings under 28

U.S.C. § 157(c)(1). (*See* Dkt. No. 1.)

The Court identified service issues in this Action and concluded that, although perhaps notice of a hearing regarding Plaintiff's Motion to Confirm the arbitration award had been served by registered mail upon Defendant, the underlying summons and Complaint had not been delivered in a manner recognized by the Federal Rules. (May 2017 Op. 12, 29.) The Court ordered Plaintiff to effect service and, following that, file a memorandum indicating that it had done so and providing next steps. Plaintiff moved the Court to reconsider the May 2017 Opinion & Order, but the Motion for Reconsideration was denied. (Order on Mot. for Reconsideration ("Jan. 2018 Order") (Dkt. No. 11).) Following the denial, Plaintiff proceeded to effectuate service of the summons and Complaint, and filed a Memorandum explaining how it fulfilled its obligations and recommending a course of action to the Court on February 9, 2018. *(See generally* Pl.'s Mem. in Supp. of Recommendation to Court Concerning Confirmation of Arbitration Award ("Pl.'s Mem.") (Dkt. No. 14).) Plaintiff has submitted a Declaration stating that it has effectuated service of the summons and Complaint in accordance with the Court's May 2017 Opinion & Order and attached return receipts for international mail. *(See* Pl.'s Suppl. Response to Order to Show Cause ("Pl.'s Decl."); Pl.'s Decl. Ex. A ("Mail Receipt") (Dkt. Nos. 13, 13-1).)

On December 17, 2019, the Court issued an Order to Show Cause requiring Defendant to respond within 30 days explaining why this Court should not adopt Judge Drain's Proposed Findings. *(See* Order to Show Cause (Dkt. No. 15).) Pursuant to the Court's Order, Plaintiff also filed a Certificate of Service indicating that the Order to Show Cause was served upon Defendant via international mail. *(See* Dkt. No. 16.) Defendant's deadline to respond has passed, and Defendant has not appeared in this Action at all.

For non-core proceedings, once a bankruptcy court issues proposed findings and conclusions of law, typically, the "district court must then review those proposed findings and conclusions de novo and enter any final orders or judgments." *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014) (citation omitted) (italics omitted). However, as Defendant has not appeared in the Action, no objections to adopting Judge Drain's Proposed Findings have been filed. The Bankruptcy Code mandates de novo review "of any portion of the bankruptcy judge's findings of fact or conclusions of law *to which specific written objection has been made in accordance with this rule*." Bankruptcy Rule 9033(d) (emphasis added). The Bankruptcy Code also only mandates de novo review of "those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). Defendant has failed to file any objections or even any intent to object to Judge Drain's Proposed Findings within the prescribed time period, and therefore, he has "waived [his] right to object to [Judge Drain's] Proposed Findings." *Messer v. Peykar Intern. Co., Inc.*, 510 B.R. 31, 38 (S.D.N.Y. 2014) (collecting cases).

Regardless, the Court has reviewed Judge Drain's Proposed Findings and has found no error in its findings of fact or conclusions of law. Accordingly, the Court adopts Judge Drain's Proposed Findings.

Accordingly, it is hereby:

ORDERED that Judge Drain's Proposed Findings, dated October 21, 2016, are ADOPTED in their entirety.

ORDERED that Plaintiff mail this Order by Federal Express International Mail Service, and through e-mail to Defendant;

ORDERED that the Clerk of Court enter judgment for Plaintiff, pursuant to Judge Drain's recommendation in Judge Drain's Proposed Findings. It is further

ORDERED that the Clerk of Court mail a copy of this Order to Defendant and close this case.

SO ORDERED.

Dated:     January 22, 2020
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE